## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ZAIDA SANTIAGO, ) | CASE NO. 1:08CV3010 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | MEMORANDUM AND ORDER |

This matter is before the Court on Marcia W. Margolius' motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1). (Doc No. 19.) Ms. Margolius, counsel for plaintiff, is seeking an award in the amount of $11,095.

On August 5, 2009, upon agreement of the parties, the Court remanded the case for further proceedings. (Doc. Nos. 17, 18.) On remand, the ALJ issued a favorable decision finding the plaintiff, Zaida Santiago, disabled as of October, 2002. (Doc. No. 19-1 at 1.)

Counsel attaches to the instant motion two notices Plaintiff received from the Social Security Administration ("SSA.") The Notice of Award indicates that the SSA has withheld 25% of past due benefits in order to pay attorney fees. (Doc. No. 19-1 at 3.) Also attached to the motion is a fee agreement entered into by Plaintiff and counsel, expressing Plaintiff's consent to a contingent attorney fee award in the amount of 25% of her past due benefits should her claim proceed to the Appeals Council or Federal Court. (Doc. No. 19-2.) Defendant filed a response to Plaintiff's motion, indicating he does not object. (Doc. No. 21.)

### II. Law and Analysis

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for

work done in a judicial proceeding:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*) (court may award fees only for work performed before the court, and not before the SSA). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). In determining the reasonableness of fees under section 406(b), the starting point is the contingent-fee agreement between the claimant and counsel. *Id.* at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* The court should consider factors such as the character of the representation and the results achieved. *Id.* at 808. *See also Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (*en banc*). The Court should also consider whether deductions are appropriate for improper conduct or ineffectiveness of counsel and where counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) *(quoting Rodriguez*, 865 F.2d at 746.) Also relevant to the reasonableness issue are the hours expended by counsel before the District Court and the lawyer's normal hourly billing charge for noncontingent-fee cases. *Gisbrecht*, 535 U.S. at 808.

As to windfalls, the *Hayes* Court further held that, as a matter of law:

> a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Hayes*, 923 F.2d at 422. Thus, "a hypothetical rate that is less than twice the standard rate is *per se* reasonable." *Id.* In so holding, the *Hayes* Court explained:

> We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be

compensated adequately.

*Id*.

In this case, counsel does not seek the full amount, or $17,153.25, that was withheld from Plaintiff's Social Security Income money for use toward an attorney fee; rather, counsel seeks an award of $11,095. Ms. Margolius represents that she expended 31.7 hours litigating this case. $11,095, the total award she is seeking, divided by 31.7, the claimed number of hours spent, amounts to an hourly rate of $350. The Court has previously held a hypothetical hourly rate of $350 does not constitute a windfall. *See McArthur v. Astrue*, Case No. 1:07cv1560, (N.D. Ohio Mar. 16, 2010)(Doc. No. 22.)( MJ McHargh.) Furthermore, the Court notes that counsel is experienced in handling Social Security cases and has provided the Court with time sheets that detail the hours counsel spent litigating this case. (Doc. No. 19, Appendix A.) More importantly, there has been no objections or accusations that counsel engaged in improper conduct or behavior that would unwarrantedly increase the amount of the fees. Based on the above, the Court concludes that an attorney fee award of $11,095 to Marcia Margolius falls well within the parameters set forth in 42 U.S.C. § 406(b) and Sixth Circuit case law.

### III. Conclusion

Accordingly, pursuant to 42 U.S.C. § 406(b), the Court grants Ms. Margolius' motion for attorney fees in the amount of $11,095.

IT IS SO ORDERED.

                                                                                 s/ Greg White
                                                                             United States Magistrate Judge

Date: December 17, 2010